SO ORDERED: June 25, 2013.



_____
James M. Carr
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| SHAWN WYLEY BUCHANAN, ) | Case No. 12-01087-JMC-13 |
| ) | |
| Debtor. ) | |
| _____ ) | |
| ) | |
| STACY L. BUCHANAN/KITTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. Proc. No. 12-50157 |
| ) | |
| SHAWN WYLEY BUCHANAN, ) | |
| ) | |
| Defendant. ) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

THIS MATTER came before the Court for a bench trial on April 4, 2013. Plaintiff, Stacy L. Buchanan/Kitts, appeared by counsel, Dan J. May. Defendant, Shawn Wyley Buchanan, appeared in person and by counsel, Steven P. Taylor. This matter was taken under advisement at the conclusion of the trial with counsel being directed to submit supplemental briefs. Below are the Court's findings of fact and conclusions of law as required by Fed. R. Bankr. P. 7052.

**Findings of Fact**

1. On February 13, 2012, Shawn Wyley Buchanan ("Shawn") filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code.

2. On May 14, 2012, Stacy L. Buchanan/Kitts ("Stacy") initiated this adversary proceeding, seeking a determination that certain debts owed by Shawn to Stacy are excepted from discharge under 11 U.S.C. §§ 523(a)(5), 523(a)(6), and 523(a)(15).

3. On July 11, 2012, Shawn filed a Motion For More Definite Statement (Docket No. 9) in response to the complaint.

4. On August 28, 2012, the Court conducted a hearing on the Motion for More Definite Statement, at which the parties agreed on the record that a trial of this adversary proceeding would be limited to whether a $3,000.00 judgment with respect to Stacy's half of the 2005 joint tax refund is excepted from discharge pursuant to 11 U.S.C. §§ 523(a)(5) and 523(a)(6).

5. On March 22, 2013, Shawn filed a Stipulation in this adversary proceeding resolving the other issues raised in the complaint, wherein he stipulated that the child support arrears he owed on the date of filing to Stacy and the $687.93 in attorney fees he owed on the date of filing to Dan J. May related to child support that had been reduced to judgment are nondischargeable pursuant to 11 U.S.C. § 523(a)(5).

6. At trial, the Court admitted plaintiff's exhibits 1 and 2 into evidence. At the conclusion of the presentation of evidence, Shawn's counsel moved for a directed verdict, which the Court took under advisement.

7. With respect to the 2005 tax year, Shawn and Stacy filed joint federal and state income tax returns and directed any refund to be directly deposited into Shawn's bank account.

8.      Thereafter, on or about February 2006, a tax refund(s) in the approximate amount of $6,000.00 (the "Tax Refund") was deposited into Shawn's bank account. Shawn spent the Tax Refund on household bills.

9.      On April 7, 2006, the Howard Circuit Court (the "Circuit Court") held a hearing and entered provisional orders (the "Provisional Order") in *In re the Marriage of Shawn W. Buchanan and Stacy L. Buchanan*, Cause No. 34C01-0507-DR-00595. In paragraph 4 of the Provisional Order, after referencing the Tax Refund, the Circuit Court ordered Shawn to pay $3,000.00 to Stacy within fifteen (15) days.

10.     Shawn did not attend the hearing where the Provisional Order was entered and only received notice of the Provisional Order after his attorney informed him at some time following the hearing. By the time the Provisional Order was entered, Shawn had already spent the Tax Refund.

11.     On September 4, 2007, the Circuit Court entered Findings of Fact (the "Findings of Fact"), Conclusions of Law and a Decree of Dissolution (the "Dissolution Decree") in the divorce proceeding.

12.     In paragraph 23 of the Findings of Fact, the Circuit Court stated that Shawn owed Stacy the $3,000.00 judgment[1] plus interest for Stacy's portion of the Tax Refund and set forth an installment payment plan therefor.

---

[1] The Circuit Court makes reference to its amended provisional order of September 29, 2007 [sic] in which it awarded a judgment to Stacy and against Shawn for Stacy's portion of the Tax Refund. Even though the amended provisional order was not offered into evidence at trial by either Shawn or Stacy, the Court will refer to this amount as a judgment in reliance on paragraph 23 of the Findings of Fact.

13. In paragraph 11 of the Dissolution Decree, the Circuit Court reiterated that Shawn was obligated to pay the $3,000.00 judgment plus interest to Stacy for her portion of the Tax Refund.

14. The Circuit Court did not include the payment of the $3,000.00 judgment in its discussion of support obligations in either the Provisional Order, the Findings of Fact or the Dissolution Decree.

15. Shawn has not paid Stacy the $3,000.00 judgment plus interest for her portion of the Tax Refund since the entry of the Dissolution Decree.

## Conclusions of Law

1. Any finding of fact above will also be a conclusion of law, and any conclusion of law will also be a finding of fact to support the judgment of the Court.

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

3. Venue of this adversary proceeding is proper in this Court and Division pursuant to 28 U.S.C. § 1409.

4. This Court has jurisdiction over the parties and the subject matter pursuant to 28 U.S.C. § 1334 and the General Order of Reference issued by the United States District Court for the Southern District of Indiana on July 11, 1984.

5. Exceptions to discharge under § 523 "are to be construed strictly against a creditor and liberally in favor of the debtor." *In re Scarlata*, 979 F.2d 521, 524 (7th Cir. 1992) (citing *In re Zarzynski*, 771 F.2d 304, 306 (7th Cir. 1985)). A creditor seeking an exception to discharge has the burden of proving all elements of the statute by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 291 (1991).

6. Section 523(a)(5) excepts from discharge a debt for a domestic support obligation. 11 U.S.C. § 101(14A) defines a domestic support obligation as a "a debt…owed to or recoverable by a spouse…in the nature of alimony, maintenance, or support…of such spouse…or child of the debtor…without regard to whether such debt is expressly so designated[, and is] established…by…an order of a court of record."

7. Whether an obligation is nondischargeable under 11 U.S.C. § 523(a)(5) is a matter of federal law. *In re Reines*, 142 F.3d 970, 972 (7th Cir. 1998). There is no binding precedent in the 7th Circuit regarding the analysis of a claim of nondischargeability under 11 U.S.C. § 523(a)(5). Therefore, the Court adopts the totality-of-the-circumstances test applied by other courts. *See, e.g., Tatge v. Tatge (In re Tatge),* 212 B.R. 604, 608 (8th Cir. BAP 1997), *Friedkin v. Sternberg (In re Sternberg),* 85 F.3d 1400, 1406 (9th Cir. 1996), *In re Hayden,* 456 B.R. 378, 382 (Bankr. S.D. Ind. 2011). The Court is not bound by the state court's characterization of the obligation but the intent of the state court is dispositive. *Sternberg*, 85 F.3d at 1405, *Hill v. Hale (In re Hill)*, 133 B.R. 126 (Bankr. N.D. Ind. 1989).

8. Indiana law allows a state court to issue an order for temporary maintenance or support, a temporary restraining order, a custody order, or an order for possession of property at a provisional hearing in a divorce case. Ind.Code § 31-15-4-8.

9. The Circuit Court did not directly characterize the $3,000.00 judgment as a property settlement or as maintenance or support in the Provisional Order, the Findings of Fact or the Dissolution Decree. The structure of those documents demonstrates that the Circuit Court did not intend for the payment to be construed as maintenance or support. In addition, the Circuit Court was careful each time it referred to the $3,000.00 judgment to state that the judgment

represented Stacy's share of the Tax Refund. There is no evidence in the record to suggest that the Circuit Court intended the $3,000.00 judgment to be construed as maintenance or support.

10. A tax refund from a jointly-filed tax return is marital property subject to division in a decree of dissolution. *Nill v. Nill*, 584 N.E.2d 602, 604-606 (Ind.Ct.App.1992).

11. The Tax Refund was marital property in Shawn's possession before the entry of the Provisional Order.

12. The Court concludes from the totality of the circumstances that the $3,000.00 judgment was an order for possession of property at the time of the provisional hearing, not an order for temporary maintenance or support. Therefore, it does not fall within the definition of "domestic support obligation" and is not excepted from discharge pursuant to 11 U.S.C. § 523(a)(5).

13. There was no evidence presented regarding whether Shawn's failure to pay the judgment was "willful and malicious" as required by 11 U.S.C. § 523(a)(6). Even if there were, notwithstanding a favorable determination under § 523(a)(6), the debt still could be discharged pursuant to 11 U.S.C. § 1328(a)(2). Therefore, the $3,000.00 judgment is not excepted from discharge pursuant to 11 U.S.C. § 523(a)(6).

Accordingly, the Court concludes that the $3,000.00 judgment is DISCHARGEABLE. The Court hereby denies the motion for directed verdict made at trial and will enter judgment in favor of the defendant, Shawn W. Buchanan, and against the plaintiff, Stacy L. Buchanan/Kitts in accordance herewith.

# # #